IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ricardo Fishbourne, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:20-cv-01480-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Federal Bureau of Investigation; Internal Revenue Service; South Carolina Department of Corrections; and South Carolina Law Enforcement Division, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ricardo Fishbourne ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On April 21, 2020, the magistrate judge issued a Report and Recommendation ("Report") finding the case was subject to summary dismissal. (ECF No. 9). On May 4, 2020, Plaintiff filed objections to the Report as well as an Amended Complaint. (ECF Nos. 13, 16). In light of the Amended Complaint, the court recommitted the matter to the magistrate judge for further review. (ECF No. 18). Accordingly, now before the court is the magistrate judge's Report on the Amended Complaint, again recommending that the

1

court dismiss this action without issuance and service of process. (ECF No. 22). Plaintiff filed objections to the Report, (ECF No. 24), and this matter is now ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 22). Briefly, Plaintiff alleges that the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), the South Carolina Department of Corrections ("SCDC"), and the South Carolina Law Enforcement Division ("SLED") "defamed . . . his character by using [him] as bait to lure in informants via cellphone," in violation of the Fifth and Fourteenth Amendments. (ECF No. 16 at 4). Specifically, Plaintiff alleges that he "was used by the named Defendants to build a cellphone network with inmates, and, 50 to 75 parties that were granted immunity." (ECF No. 16-1 at 3–4).

According to the Complaint, beginning in 2007 and continuing to the present, Defendants have "used 50-75 third parties to set a trap for Plaintiff to use Plaintiff as bait." (ECF No. 16 at 5). Plaintiff claims that the FBI and SLED charged a third-party, Richard Leon Pinckney, with insurance fraud and that Mr. Pinckney then implicated between 50-75 other individuals in exchange for a lesser sentence. *Id.*; *see also* (ECF No. 16-1 at 1). Plaintiff alleges that the FBI and SLED charged the

2

other 50 to 75 individuals, but "granted them immunity in return for using the Plaintiff as bait to lure in possible informants or workers." (ECF No. 16-1 at 1). When Plaintiff discovered he was being used as "bait," he "stopped using cellphones to call those 50-75 people that were granted immunity for using the Plaintiff as bait." *Id*. at 2. However, Plaintiff claims that when he stopped using the cellphones, Defendants directed inmates to "lynch[] the Plaintiff until [he] submitted and had no other choice but to start back using cellphones." *Id*. As a result, Plaintiff claims he was repeatedly "lynched," stabbed, and robbed by other inmates working for Defendants through a cell phone network. *Id.* at 1.

As to the IRS, Plaintiff alleges it charged numerous individuals with tax fraud and subsequently granted them immunity in exchange "for their using the Plaintiff as bait also." *Id*. at 3. Similarly, Plaintiff claims that SCDC "has so-called female friends of the Plaintiff operating also." *Id*. at 3. Plaintiff asserts that Defendants' actions have "defamed [his] character as a sacrifice for them to create the network they have now" by convincing the entire prison population that Plaintiff is working for Defendants. *Id*. at 6. Plaintiff also alleges that Defendants have directed other inmates to tamper with and poison Plaintiff's food. *See id*. at 7. For relief, Plaintiff seeks five million dollars in compensatory damages from each defendant and an immediate transfer out of the South Carolina prison system. *Id*. at 5.

3

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections);

4

*Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint with prejudice because each of the defendants is immune from suit and because Plaintiff has failed to allege a cognizable claim against the Defendants.  (ECF No. 22 at 7–10, 13).  Although Plaintiff filed objections to the

Report, they all fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 24). Rather, the objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. *See id*. In fact, most of Plaintiff's objections merely repeat allegations and arguments raised in his Amended Complaint. *See* (ECF Nos. 16, 61-1, 24). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier*, 2012 WL 5381201, at *1. Accordingly, Plaintiff's objections are without merit.

Moreover, even liberally construing the objections, the court is only able to glean that Plaintiff objects to the magistrate judge's finding that Plaintiff's allegations are frivolous and fail to state a plausible cause of action. *See* (ECF Nos. 22 at 10; 24 at 1–3). However, as the magistrate judge recognized, it is within the district court's "discretion to dismiss the case for factual frivolousness 'when the facts alleged rise to the level of the irrational or the wholly incredible.'" (ECF No. 22 at 11 (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The court agrees with the magistrate judge's finding that "Plaintiff's conclusory assertions fail to show any arguable basis in fact or law." *Id*. at 12. Additionally, to the extent Plaintiff seeks to raise a claim for defamation, the magistrate judge correctly found that an alleged defamatory act is not actionable under § 1983. *Id*. at 13. Therefore, the court concludes that Plaintiff's allegations fail to state an actionable claim for

which relief may be granted. Accordingly, this objection is without merit and is overruled.

Therefore, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Defendants are immune from suit and Plaintiff's allegations are frivolous and fail to plead a cause of action. (ECF No. 22). Thus, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, *id.*, and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice**[1] and without issuance and service of process.

IT IS SO ORDERED.

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
May 28, 2020

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The magistrate judge's first Report, issued on April 21, 2020, informed Plaintiff that his Complaint was subject to summary dismissal because each of the defendants is immune from suit and the allegations fail to state a cognizable cause of action. (ECF No. 9). Plaintiff filed his Amended Complaint on May 4, 2020, (ECF No. 16), simultaneously with his objections to the initial report, (ECF No. 13). Nevertheless, the magistrate judge found that Plaintiff's Amended Complaint does not cure the deficiencies in the original complaint, because the defendants are still immune from suit and Plaintiff has alleged no facts which support a cognizable claim for which relief may be granted. (ECF No. 22 at 1–2, 7, 13–14).